UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>SPARKLABS IOT ACCELERATOR FUND, L.P., et al.,<br><br>        Defendants. | Case No. 21-cv-09200-AGT<br><br>**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CASE WITHOUT PREJUDICE DUE TO FAILURE TO NOTIFY OF ADDRESS CHANGE** |

    Plaintiff Carl Wescott, proceeding pro se, filed this action in March 2021 in the District of Delaware. The Delaware district court granted Wescott's application to proceed *in forma pauperis*, and on November 9, 2021, transferred the action sua sponte to this District pursuant to 28 U.S.C. § 1404(a). *See* Dkts. 4, 5. On December 1, 2021, the Clerk's Office mailed Wescott a notice directing him to file a consent or declination to proceed before a magistrate judge by December 15, 2021. Dkt. 9. To date, Wescott has not filed a consent or declination.

    On November 30, 2021, a case management order issued, setting an initial case management conference for March 4, 2022, and directing Wescott to file a case management statement by February 25, 2022. Dkt. 8. The Clerk's Office also mailed that order to Wescott's address of record listed on the docket. Wescott did not file a case management statement by February 25, 2022, and he failed to appear at the March 4, 2022, initial case management conference. *See* Dkt. 11.

    On March 8, 2022, the undersigned ordered Wescott to show cause for why he failed to appear at the initial case management conference. Dkt. 12. The Clerk's Office mailed a copy of the OSC to Wescott's address of record the same day it issued. Wescott's response to the OSC was due by March 23, 2022, and he was advised that failure to comply with the OSC may in

sanctions, including dismissal, under Rule 41(b). *Id.* Wescott did not file a response to the OSC by the March 23, 2022, deadline. On April 4, 2022, the mailing addressed to Wescott containing the OSC was returned to the Clerk's Office as not deliverable. Dkt. 13. On April 12, 2022, the Clerk's Office called Wescott at his telephone number of record and left a voicemail directing him to update his mailing address. To date, Wescott has not updated his address or made any apparent effort to communicate with the Court.

Pursuant to Civil Local Rule 3-11(a), "a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Local Rule 3-11(b), in turn, provides that "[t]he Court may, without prejudice, dismiss a complaint . . . when: (1) Mail directed to the [] pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the [] pro se party indicating a current address." Civ. L.R. 3-11(b)(1)–(2). It has been over four months since April 4, 2021, when the OSC mailing directed to Wescott was returned to the Clerk's Office as not deliverable, and Wescott has not filed a notice of change of address.

In light of the above, the undersigned (i) requests that the Clerk of Court reassign this case to a district judge and (ii) recommends that the district judge dismiss the case without prejudice, pursuant to Civil Local Rule 3-11, on the basis that Wescott has failed to provide a current mailing address.

**IT IS SO ORDERED.**

Dated: August 19, 2022

ALEX G. TSE
United States Magistrate Judge

2