IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>  Plaintiff,<br><br>  v.<br><br>SPARKLABS IOT ACCELERATOR FUND, L.P., et al.,<br><br>  Defendants. | Case No. 21-cv-09200-MMC<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DIRECTIONS TO CLERK; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is a "Report and Recommendation to Dismiss Plaintiff's Case Without Prejudice Due to Failure to Notify of Address Change," filed August 22, 2022. Having fully reviewed the matter, the Court rules as follows.

In the Report and Recommendation, the Magistrate Judge recommends the instant action be dismissed for failure to prosecute. In particular, the Report and Recommendation notes that (1) after plaintiff did not appear at a scheduled case management conference, the Magistrate Judge issued an order directing plaintiff, who proceeds pro se, to explain why he did not appear at a conference, (2) the order was returned as undeliverable, and (3) following the date of such return, more than four months have passed without plaintiff's having filed a document identifying his current address. See Civil L.R. 3-11(a) (providing court may dismiss complaint without prejudice where "[m]ail directed to . . . pro se party by the Court has been returned to the Court as not deliverable" and "[t]he Court fails to receive within 60 days of this return a written communication from the . . . pro se party indicating a current address").

The Court has determined, however, that the above-referenced order to show cause, as well as a copy of the minutes of the case management conference, which also

1  was returned as undeliverable, were not sent to the address provided by plaintiff in his

2  complaint, but, rather, to an address that does not appear on any document plaintiff has

3  filed in the instant action.

4        Accordingly, the Court hereby DECLINES to adopt the Report and

5  Recommendation and DIRECTS the Clerk of Court to correct plaintiff's address and

6  phone number to reflect the following address and phone number, as provided by plaintiff

7  in his Complaint (see Doc. No. 2):

          Carl A. Wescott
          8210 E. Via de la Escuela
          Scottsdale AZ  85258

          (936) 937-2688

11  Additionally, the Clerk is DIRECTED to send plaintiff a copy of the instant order, as well

12  as a copy of the Order Reassigning Case.  (See Doc. No. 16.)

13        The Court notes, however, that, as discussed below, plaintiff's Complaint fails to

14  allege facts sufficient to support a finding that the Court has subject matter jurisdiction

15  over the instant action, and, consequently, the Complaint is subject to dismissal.

16        In his Complaint, plaintiff asserts state law claims against two individuals and three

17  entities (see Compl. first ¶¶ 1-5),[1] and, in a document filed concurrently therewith, asserts

18  the Court has diversity jurisdiction over his claims (see Civil Cover Sheet (Doc. No. 2-2)).

19        A district court has diversity jurisdiction only if "the matter in controversy exceeds

20  the sum and value of $75,000, exclusive of interest and costs," see 28 U.S.C. § 1332(a),

21  and, where there are multiple defendants, each defendant's citizenship must be diverse

22  from that of the plaintiff, see id.

23        Here, plaintiff sufficiently alleges the requisite amount in controversy (see Compl.

24  ¶ 71-72 (alleging defendants have failed to pay plaintiff $265,650.68 in wages)), and

25  appears to sufficiently allege he is a citizen of Arizona and that individual defendants

---

[1] The Complaint contains two introductory sections, each with paragraphs numbered "1" through "5."  (See Compl. at 2:4.5-14, 2:17-3:17.)

Charles Reed Anderson ("Anderson") and Bernard Moon ("Moon") are citizens of, respectively, Singapore and California. (See Compl. first ¶¶ 3, 4, Ex. A ¶¶ 1, 3.)[2] Plaintiff has not, however, alleged facts sufficient to establish the citizenship of any of the three entity defendants. See Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 829 (1989) (holding plaintiff must meet diversity requirement "for each defendant or face dismissal").

First, with regard to defendant SparkLabs IoT Accelerator Fund, L.P. ("SparkLabs IoT"), plaintiff alleges said entity is a "Delaware/Cayman fund." (See Compl. second ¶ 1.) Plaintiff fails, however, to identify the general and limited partners of SparkLabs Iot, let alone set forth the states and/or countries of which each general and limited partner is a citizen. See Carden v. Arkoma Associates, 494 U.S. 185, 192, 195-96 (1990) (holding limited partnership is citizen of every state of which its general and limited partners are citizens). In the absence of such allegations, the complaint is deficient. See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed Appx. 62, 64 (9th Cir. 2011) (holding district court lacked jurisdiction over action in which one party was a limited partnership and party seeking to establish jurisdiction "fail[ed] to state the citizenship of the partners").

Next, with regard to defendant SparkLabs Management, LLC ("SparkLabs Management"), plaintiff alleges said entity is a "Delaware-based LLC." (See Compl. second ¶ 1.) Plaintiff fails, however, to identify the owners and/or members of SparkLabs Management, let alone set forth the states and/or countries of which each owner and/or member is a citizen. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894,

---

[2] Plaintiff alleges that he is a "resident" of Arizona (see Compl. Ex. A ¶¶ 1,3), that Anderson is a "resident" of Singapore (see Compl. first ¶ 3), and that Moon is a "resident" of California (see Compl. first ¶ 4). A natural person is a citizen of the state or country in which he is "domicile[d]," which is where he "resides . . . with the intent to remain or to which [he] intends to return." See Adams v. West Marine Products, Inc., 958 F.3d 1216, 1221 (9th Cir. 2020) (internal quotation and citation omitted). "[A] person's residence constitutes some evidence of domicile." Id. (emphasis omitted); see also id. at 1222-23 (finding plaintiff met burden of establishing citizenship of members of putative class by providing their "last known addresses").

899 (9th Cir. 2006) (holding "an LLC is a citizen of every state of which its owners/ members are citizens"). In the absence of such allegations, the complaint is deficient. See, e.g., Lindley Contours, 414 Fed Appx. at 64 (9th Cir. 2011) (holding district court lacked jurisdiction over action in which two parties were LLCs and party seeking to establish jurisdiction "fail[ed] to state the citizenship of the . . . members of [each LLC]").

Lastly, with regard to defendant SparkLabs Connex, plaintiff alleges said entity's "domicile is unknown." (See Compl. first ¶ 5.) Consequently, plaintiff fails to allege the states and/or countries of which said defendant is a citizen. Moreover, in light of plaintiff's allegation that SparkLab Connex has "the same main partners" as SparkLabs IoT (see Compl. ¶ 79), it appears SparkLabs Connex, like SparkLabs IoT, is a limited partnership, which entity, as discussed above, is a citizen of each state and/or country of which each of its partners is a citizen. Plaintiff, however, does not allege the identity of the partners of SparkLabs Connex, let alone identify the states and/or countries of which each partner is a citizen.

Accordingly, the complaint is hereby DISMISSED with leave to amend. If plaintiff wishes to pursue his claims in federal court, plaintiff shall file, no later than September 19, 2022, a First Amended Complaint, in which plaintiff must allege facts sufficient to support a finding that the Court has jurisdiction over the instant action.

**IT IS SO ORDERED.**

Dated: August 25, 2022

MAXINE M. CHESNEY
United States District Judge